IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RACHAEL S. RUIZ, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:18-CV-52-RP |
| ARLENE SERRANO-DANZY, et al., | § § § | |
| Defendants. | § § | |

## **ORDER**

Plaintiff Rachael Ruiz ("Ruiz") filed her complaint in this action on January 22, 2018. (Dkt. 1). The deadline for the parties to amend their pleadings was July 2, 2018. (Dkt. 22, ¶ 4). Ruiz did not move to amend her complaint by that deadline. However, on October 24, 2018, the Court held a telephone conference in which Ruiz stated that multiple factual allegations in her complaint were incorrect. (Dkt. 27). The Court therefore ordered Ruiz to amend her complaint within 30 days of the telephone conference. (*Id.*). Ruiz did not do so. The Court also ordered the parties to appear for a status conference on November 29, 2018, to follow up the telephone conference. At the status conference, the Court permitted Ruiz another 30 days to file her amended complaint. (Dkt. 31). Again, Ruiz failed to file an amended complaint.

Due to Ruiz's repeated delays in amending her complaint, on January 4, 2019, the Court ordered Ruiz to show cause as to why her case should not be dismissed for want of prosecution or for failure to comply with the Court's orders. (Dkt. 32). Ruiz failed to comply with this Court order as well. Instead, she filed an untimely response on January 22, 2019, in which she requested that this case be stayed for 120 days. (Dkt. 35, at 4). Ruiz has still not filed an amended complaint, despite her acknowledgement that factual allegations in her complaint are incorrect.

Federal courts have the authority to dismiss a case for failure to prosecute or failure to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); Fed. R. Civ. P. 41(b) (permitting a

1

court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). Dismissal with prejudice is appropriate if there is a "clear record of delay or contumacious conduct by the plaintiff" and if "lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks and citation omitted). "A district court may dismiss *sua sponte*, with or without notice to the parties." *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982).

This case has been pending for over a year. Ruiz has repeatedly failed to comply with this Court's orders, and she has still not amended her complaint. Defendants continue to be prejudiced in their defense of this action because they do not know which of Ruiz's factual allegations are correct. Ruiz has not corrected her allegations, has not indicated when she expects to make those corrections, but has instead requested even further delay of this action by an additional 120 days. In light of this "clear record of delay and contumacious conduct," the Court finds that dismissal with prejudice is appropriate in this case.[1]

**IT IS THEREFORE ORDERED** that Ruiz's claims against Defendants in this action are **DISMISSED WITH PREJUDICE**. The Clerk's Office shall mail a copy of this Order to Ruiz via certified mail. Ruiz's physical address is 11505 Juniper Ridge, Austin, Texas 78759.

**SIGNED** on March 19, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that Ruiz has been proceeding *pro se* in this case since October 25, 2018. (*See* Order Granting Mtn. Withdraw, Dkt. 29). However, "pro se parties must still comply with the rules of procedure." *Ogbodiegwu v. Wackenhut Corrs. Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. 1999) (per curiam). "'The notice afforded by the Rules of Civil Procedure and the local rules' is 'sufficient' to advise pro se litigants of their burden;" and "no 'particularized additional notice' for pro se litigants is required." *Thorn v. McGary*, 2017 WL 1279222, at *2 (5th Cir. April 5, 2017) (quoting *Martin v. Harrison Cty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992) (per curiam)).